## DANIEL GREEN v. CAPTAIN RICHARD S. EWELL.

DESCRIPTIVE ROLL OF SOLDIER AS EVIDENCE OF AGE.—On a trial of the right of one enlisted as a soldier in the United States army, to be discharged on *habeas corpus*, on the ground that he was a minor when enlisted, the descriptive roll made out at his enlistment, stating his age to be over twenty-one, is important evidence of that fact.

PRESUMPTION IN FAVOR OF MAJORITY.—Where the descriptive roll states the recruit to have been over twenty-one, and he has since received pay, subsistence, etc., as a properly enlisted soldier, without objection, the presumption is in favor of the regularity of the proceedings of the enlisting officer, and that such recruit was of lawful age until he establishes the contrary by proof of an evident and decided character.[*]

OPINIONS AS TO AGE FROM PERSONAL APPEARANCE.—Opinions of witnesses as to the age of such a person from his appearance are very uncertain and unsatisfactory evidence on that point.

APPEAL from the district court of the third judicial district. The opinion states the case.

*Smith and Watts,* for the appellant.

*Wheaton,* for the appellee.

By Court, BENEDICT, J.:

This was a cause before Benedict, J., of the third judicial district. On the twenty-third day of July, 1856, Hon. John S. Watts, as attorney in behalf of Green, presented to the judge a sworn petition, among other things stating that Green was unlawfully restrained of his liberty at Las Lunas, in the county of Valencia, by Captain Richard S. Ewell, commanding the military post at Las Lunas, under pretense that he was a private soldier in company G of the First Dragoons, and that he was compelled to do military duty as such soldier; that he was at the time of his supposed enlistment a minor, under the age of twenty-one years, and that his contract was not binding upon him; that at the time of said enlistment he was about the age of eighteen, and that he was about twenty-two at the time the petition was presented. Green did not himself make oath to the truth of the petition. A writ of *habeas corpus* immediately issued, and on the twenty-sixth day of said month, in the absence of Captain Ewell, Horace Randall, a lieutenant of said company, returned the writ, and with it produced the body of Green before the judge, and answered that Green was legally enlisted on the eighteenth day of January, A. D. 1853, to serve for five years. After hearing the respective proofs, the judge pronounced his judgment that Green was rightfully and lawfully detained as a private soldier in the military service of the United States at post Las Lunas, in company G of First Regiment of Dragoons, of which Ewell was captain, and that said Green be remanded back to said service and to the custody and command of the commanding officer of said company as fully as before the obtaining of the writ in this cause. A bill of exceptions was then tendered, embodying the testimony and signed by the judge, and Green appealed to this court. The only error alleged by Green's counsel is, in substance, that the testimony did not authorize the judge to remand Green to service, but that he ought

to have been discharged from of the army. Nothing more is incumbent upon this court than to examine the evidence and to render such judgment as the judge should have rendered. Green produced witnesses to prove his minority at the time of his enlistment. One McKearney testified that he was a dragoon in K company in Albuquerque and went to Carlisle barracks as an enlisted soldier in 1852. Knows Daniel Green. First saw him at Carlisle barracks in February, 1853. He came there as an enlisted soldier. Seemed to be about nineteen years old. Formed his opinion entirely from Green's looks and appearance. Thinks he has grown some since. Witness was from Ireland.

Wm. Headen testified that he was a soldier at Carlisle barracks in February, 1853, and knew Green at that time; that he came to that place as an enlisted soldier; that he then supposed Green, from his appearance, to be from eighteen to nineteen years old, but he might have been more. Seemed to be a mere boy. John Ennard swore that he is a discharged soldier. Is blacksmith in quartermaster's department. Knew Daniel Green near three years ago, at Las Lunas, when he came to the company there when witness was a soldier. Supposed, from the appearance of Green then, that he was about twenty years old. Supposes him to be about twenty-two now.

John Stewart swore: Was discharged as a soldier in February last. Knew Green when he joined the company at Las Lunas. Supposed him to be at that time under twenty-one years of age.

Thomas Henderson was then sworn for the defense, and testified: Is first sergeant in Company G, of which Green is a private. Has known him since 1853. Did not form an opinion as to his age. The descriptive roll of his enlistment was sent from the adjutant-general's office at Washington to Las Lunas. When a man is enlisted, the enlisting officer has to send a true descriptive roll of the enlistment to Washington, as his voucher for the money which he has paid the enlisted man. About one month after Green joined the company at Las Lunas, witness copied the descriptive roll sent from Washington, as to Green. The copy is in a

large book, which is now presented, and is kept for the purpose of copying such rolls. The copy made is correct from the original. This roll, which witness now exhibits to the judge trying this cause, states, "that Daniel Green was enlisted in the military service of the United States by Major Greer, at New York, in January, 1853; that his age was then twenty-two years; height, five feet seven inches; eyes blue; hair brown; town, Cavan; state, Ireland; occupation, a servant; and joined Captain Ewell's company on the seventeenth day of August, 1853," from the school of practice, Carlisle barracks. Witness further states that Green has received clothing and pay; made out his accounts; shows a receipt given by Green for clothing for April, 1854. Witness presents papers purporting to be muster roll and paymaster roll, and testifies that they are correct and true as they each purport. These show that Green has received his pay as a soldier. Witness has seen descriptive rolls, stating persons as enlisted under twenty-one years of age. Green is in the habit of truthfulness; does not know as to his trustworthiness; is rather too smart; knows too much; has got to preaching law lately.

In examination of this testimony, attention will be turned finally to that on the part of the defense. No question has been made as to the competency of the evidence derived from the descriptive roll, the book, papers, documents, etc. In our opinion the descriptive roll must be regarded as a very important document of proof in the correct determination of this cause. Green was enlisted at New York, in January, 1853, by Major Greer, of the United States army. The general regulations for the army are strict in their orders and directions to recruiting officers, and especially as to the age—the true age of a recruit. On page 134, it is said recruiting officers must be very particular in ascertaining the true age of a recruit. They are not always to take his word, but are to rely on their own judgment for the ascertainment of his probable, if not his actual age. No person under the age of twenty-one years is to be enlisted without the written consent of his parents, guardian, or master, if any he has. The officer is directed how to proceed to pre-

vent imposition upon the public, as well as to guard himself against the penalty of the law, in cases where minors assert that they have no parents, guardians, or masters. Now it is to be presumed that the officer recruiting conforms to the regulations and fully discharges his duties. The descriptive roll is to be taken to be true and correct as made out and officially furnished the adjutant-general's office. Major Greer was bound to take all necessary means to obtain Green's true age. He doubtless did so until he became well satisfied, as a faithful officer. The age of Green was found to be twenty-two years and he entered the United States army as of such age and was placed upon the roll as having that number of years. It would not be easy to arrive at the conclusion; that Major Greer did not receive from Green's own lips a statement of his age. Green has not attempted to show that the roll is incorrectly made out from the facts as they were then found or believed to exist. No question is now made upon the accuracy of any item as it really existed, except that of age. The color of the hair, the eyes, the nativity or state, and previous occupation, etc., remain unassailed in their exactness. Neither fraud nor imposition is disclosed as having been practiced upon him Surely he must be held upon principles of common honesty and sound legal policy committed to abide by his own acts and representations, unless his proof shall be of an evident and decided character establishing his minority. Especially must he be so held when such acts and representations induced the government, through one of its officers, to believe him in good faith and to take its steps accordingly. To his own knowledge he participated in the bounties, pay, subsistence, clothing, etc., the results of the candid and faithful conduct of the government, trusting in him and fulfilling the laws.

We now direct our investigation to the testimony introduced before the judge on the part of Green. McKearney first saw him at Carlisle barracks, and he seemed to be about nineteen years old; formed his opinion entirely from general looks and appearance; thinks he has grown some since from his appearance. Headen supposed him to be

from eighteen to nineteen years, but might have been more; seemed a mere boy. To Ennard, at Las Lunas, in 1853, he appeared about twenty years old. To Stewart, at the same time, he appeared to be under twenty-one years. This, substantially, is all the evidence produced for Green. At the merest glance its unsatisfactory nature is apparent. It amounts to nothing more than the judgment of the witnesses from Green's appearance. In weighing testimony a court or jury will take notice of the fixed laws of nature and apply the results of careful and discriminate observations. These will aid the reason in giving just weight to the declarations of any witnesses. It needs only to be suggested to awake the mind to the difficulty of fixing from appearances the true age of persons upon the confines of any two of the known and marked periods of human life. Green appeared to the witnesses as vacillating in his looks and what they term his appearance between youth and manhood. To one he seemed eighteen years; to another from eighteen to nineteen; to another about twenty, and to another under twenty-one. Now, in the judgment which these witnesses formed from the inspection, so to speak, of Green, they ranged through a period of about three years. This of itself exhibits how loose, uncertain, and indefinite are conclusions derived from the mere appearance of a young man passing between the years of youth and manhood. It is a time when witnesses of the ripest experience and keenest discrimination may often fail in their judgments as to age. Some persons develop, physically and mentally, much earlier than others, while nature will be found postponing the maturity of some to a late period. It is not uncommon to meet young men past twenty-four or more years having all the appearance of those just arriving at majority. These known facts demonstrate the unsatisfactory character of the testimony on Green's behalf, when estimated with the view of combating and overcoming the force of Green's enlistment for twenty-two years, his acts and necessary statements at the time, the conduct of the recruiting officer, and the record or descriptive roll presenting permanent evidence of the facts as understood at the time of the transaction. It

is not unworthy of remark that Green was present in person before the judge who tried this cause below, and that he had an opportunity, equally well with the witnesses, to observe the appearance of Green after he had served over three years of his enlistment. This could not have failed to enter the judge's mind while weighing the witnesses' opinions as to Green's age from his personal appearance. It could not have been otherwise. Upon the whole, this court is unanimous in its opinion that Green utterly failed to prove his minority before the judge below, to relieve him from the consequences of his enlistment, that the cause was correctly determined below, and the judgment of the judge is hereby affirmed, with costs.

Judgment affirmed.